PATTEN v. CLIMAX QUICK–TANNING CO. et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1899.)

CONTRACTS—AGENCY—EVIDENCE.

In an action against two corporations for breach of a contract signed by C. individually, plaintiff and his partner testified that, while officers of the corporations were sometimes present, the negotiations were all with C., who said he was acting for the companies; that the officers stated they had nothing to do with it, to go to C.; that the companies were not in a position to make the contracts as companies; and that C. acted for them. Held, that the evidence failed to establish the companies' liability on the contract.

Appeal from trial term, Queens county.

Action by Dana A. Patten against the Climax Quick-Tanning Company and the Canaigre Construction Company. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George A. Stearns, for appellant.
Robert A. B. Dayton, for respondents.

GOODRICH, P. J. On June 15, 1896, the plaintiff and his partner, Webber, entered into a written contract with John H. Carruthers, whereby the latter agreed to erect for Patten and Webber a plant for tanning hides, under what was known as the "Climax Quick-Tanning Process," at a cost of about $10,000. The plaintiff contends that, although this contract was executed by Carruthers personally, it was in reality the contract of the defendants in this action. Webber assigned his interest to Patten, who sues to recover $1,000,000, as damages for the breach of contract. The plaintiff contends that the defendants were the actual principals in the contract, and that Carruthers executed the same on their behalf, and that they were liable for the subsequent breach of the contract. The only evidence on this subject is that of the plaintiff and Webber. It appeared that the negotiations occurred solely between Webber and Patten, on the one hand, and Carruthers, on the other, although at certain intervals some of the officers of the defendant corporations were present; but the latter always referred the plaintiff and his associate to Carruthers. At the interview when the contract was signed, and before its execution, the plaintiff and his partner, Webber, called attention to the fact that it was made in the name of Carruthers, and not in the name of the persons or corporations controlling the tanning process, for operating under which the contract in question was executed. Patten testified that he was told by Carruthers that "he acted for the companies at this time in all these matters," while Webber testified:

"Mr. Carruthers was the man that we were dealing with, and the person we saw. * * * He [Mr. Tousey, one of the officers of the defendant cor-

poration] told me I must go  *  *  *  and make the contract with Mr. Carruthers;  *  *  *  that they had nothing to do with it.  *  *  *  He [Carruthers] said that everything was in his name, and that it had not been transferred to the company, which would be done later on.  He said everything was entirely in his name, and until that had been transferred to the company, which would be done, that he was unable to do it;  but he said that he would procure for us a license for tanning of leather.  *· * *  I never had anything to do with Tousey or Wall about the contract;  it was always with Carruthers.  *  *  *  Mr. Wall said the companies were not in a position then to make the contracts as companies, that everything was in Mr. Carruthers' name, and that Mr. Carruthers acted upon these matters for him."

Thus, it appears that Patten and Webber were distinctly advised of the fact that the contract was to be made with Carruthers, and not with the corporations; and they accepted that situation, and executed the contract with Carruthers personally, and not with the corporations.  This being true, the plaintiff was called upon to establish the authority of Carruthers to act for the corporations, and there was no evidence either of his agency or of any corporate action authorizing the execution of the contract.  The contract appears to be, and is, the personal contract of Carruthers.  In order to maintain his action, the burden was upon the plaintiff to establish the proposition that the contract was made by Carruthers on behalf of the defendant corporations, and by their authority.  The evidence utterly failed to establish such fact, and the complaint was properly dismissed.

The judgment must be affirmed, with costs.  All concur; HATCH, J., in result.